IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HELFRICH AND GERALD PAULE, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 3:20-CV-935-MAB |
| vs. | ) ) |
| STONEBRIDGE CONSTRUCTION & ROOFING, | ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter comes before the Court on a motion to remand or rule to show cause ("motion to remand") (Doc. 28) filed by Plaintiffs James Helfrich and Gerald Paule ("Plaintiffs"). Defendant Stonebridge Construction & Roofing has filed a response in opposition. For the reasons outlined below, the motion to remand is denied.

This case was initially filed in the Circuit Court of St. Clair County, Illinois on August 13, 2020 (Docs. 1, 3). Stonebridge Construction & Roofing ("Stonebridge") removed the case, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 3). Stonebridge's amended notice of removal, which is the operative notice, alleged that Plaintiffs Helfrich and Paule were both domiciled in Illinois and citizens of Illinois (Doc. 3, ¶¶ 5, 6). Stonebridge also alleged that it was a limited liability company ("LLC") organized under the laws of Missouri with its principal place of business in Missouri (*Id.*, ¶ 7). More importantly, Stonebridge alleged that as an LLC, its sole member was Michael

Jenne, who was domiciled in Florida (*Id.*, ¶ 8). Finally, Stonebridge certified that the amount in controversy in the case exceeded $75,000 (*Id.*, ¶ 10).

In order to invoke the Court's diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs and be between citizens of different states. *See* 28 U.S.C. § 1332. "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). And it is well settled that "[c]itizenship for purposes of the diversity jurisdiction is domicile . . . ." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). The citizenship of an LLC for diversity purposes is the citizenship of each of its members. *See, e.g., Copeland v. Penske Logistics, LLC,* 675 F.3d 1040, 1043 (7th Cir. 2012). With these principles in mind, Stonebridge's allegations in the notice of removal make clear that Plaintiffs are citizens of Illinois, Stonebridge is a citizen of Florida, the amount in controversy is satisfied and this Court's federal subject matter jurisdiction is therefore secure.

Plaintiff's motion to remand contends that Stonebridge may have failed to disclose a member of the LLC. Plaintiff's argument is predicated on paperwork from 2013 where both Michael Jenne and Kathryn Jenne signed a form changing the name of the business from Jenne LLC to Stonebridge Roofing LLC. Plaintiff, however, acknowledges that this form from 2013 does *not* necessarily indicate that Ms. Jenne is a member (the form may be signed by members *or managers* of the LLC and does not indicate what either's role is). As Plaintiffs' motion continues, their argument begins to waffle even more. Plaintiffs acknowledge that paperwork signed in 2015 and 2018 contained only the signature of

Michael Jenne. And then Plaintiffs ultimately concede that "[p]erhaps Kathryn Jenne was eliminated as a member" between 2013 and 2015 or 2018 (*See* Doc. 28).[1] Additionally, Plaintiffs' motion to remand takes issue with allegations based on domicile, and then suggests that because Mr. Jenne is listed as the registered agent for Stonebridge in Illinois, this destroys diversity.

None of Plaintiffs' arguments are convincing. Plaintiffs' contention that Stonebridge has not adequately disclosed all of its members is unavailing. As an initial matter, Plaintiffs' motion seems to concede that Michael Jenne was the only member of Stonebridge *at the time of removal*, which makes this entire remand argument quite curious. Moreover, as Stonebridge correctly points out, the ultimate consideration for the Court is who are the members of the LLC as of the date of removal and what is the citizenship of each member. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Stonebridge's operative notice of removal did just that (*See* Doc. 3). Moreover, the response in opposition to the motion to remand, includes a Declaration from Mr. Jenne confirming that he was the sole member of Stonebridge when this case was filed in St. Clair County and when it was removed here (Doc. 31-1). The notice of removal and Declaration make clear Mr. Jenne was a citizen of Florida at the time of removal (*Id.*).

---

[1] This case was removed here on September 14, 2020 (Doc. 3).

Additionally, Plaintiffs' argument concerning the sufficiency of allegations based on domicile is simply a nonstarter. The Seventh Circuit has made clear that citizenship, for the purposes of diversity jurisdiction, is domicile. *See Dakuras*, 312 F.3d at 258. Plaintiffs' argument regarding Mr. Jenne's identification as a registered agent is similarly unavailing.[2] Plaintiffs' argument is predicated on a provision from the Illinois Business Corporation Act, which Plaintiffs say requires a registered agent to be a "resident" of the state. *See* 805 Ill. Comp. Stat. Ann. § 5/5.05. While the Court believes that the logic in Plaintiffs' argument is flawed, even accepting Plaintiffs' argument at face value, it still misses the mark. "Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run. It is possible to reside in one state while planning to return to a long-term residence in another state." *RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). Simply because Mr. Jenne served as Stonebridge's registered agent in Illinois does not mean he is domiciled in Illinois and a citizen of Illinois. Mr. Jenne serves as Stonebridge's registered agent in Missouri as well and probably any other state Stonebridge transacts business in. This does not make him a citizen of Illinois and Missouri. Rather, it is clear that Mr. Jenne is domiciled in and a citizen of Florida, for the purposes of diversity jurisdiction. He owns a home in Florida; he lives in Florida where his children attend school; he is registered to vote in Florida; he has a Florida driver's license; and his vehicles are registered in the State of Florida (*See* Doc. 31-1). It is clear, based on the Declaration, that Florida is where Mr. Jenne intends to

---

[2] A registered agent is a person authorized to accept service of process for another person, especially a corporation in a particular jurisdiction. *See* Black's Law Dictionary (11th ed. 2019).

live in the long run. This Court is satisfied that its federal subject matter jurisdiction in this case is secure pursuant to 28 U.S.C. § 1332.

## Conclusion

For the foregoing reasons, Plaintiffs' motion to remand (Doc. 28) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 9, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
